UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASTAIR BENNIE,<br><br>                Plaintiff,<br><br>    v.<br><br>ERIC ROOTVIK, and JANE DOE ROOTVIK,<br><br>                Defendants. | CASE NO. C23-246 MJP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND REMANDING MATTER |

This matter comes before the Court on Defendant Eric Rootvik's Motion to Stay Proceedings in State Court, which the Court construes as a Motion for Temporary Restraining Order, and Rootvik's Notice of Removal. (Dkt. Nos. 1 and 3.) Having reviewed the Notice of Removal, Motion, and all supporting materials, the Court DENIES the Motion and REMANDS this matter to King County Superior Court.

**BACKGROUND**

Rootvik filed a motion to proceed in forma pauperis, which includes a notice of removal of an action pending against him in King County Superior Court. (Dkt. No. 1.) Rootvik has not

appended a copy of the underlying complaint filed against him in King County Superior Court, which the Local Civil Rules require. See Local Civil Rule 101(b)(1). And nowhere in the notice of removal or Motion to Stay does he explain what the underlying action concerns or the nature of the claims asserted against him. Instead, he "requests that the federal district court immediately intercede in and stay all proceedings in state [court] until all the Americans with Disabilities Act [ADA] . . . issues are resolved or removed to federal district court from King County Superior Court case #2-2-06416-1 SEA." (Notice of Removal at 1 (Dkt. No. 1-1).) He alleges that after his attorney withdrew in the state court proceeding, he asked the Superior Court to accommodate his disability under the ADA. (Mot. to Stay at 2.) Although the Superior Court stated it would accommodate his disability, Rootvik asserts that he has had to file a motion for continuance based on his disability. (Id.) He alleges that the Court "has ordered no further activity in this case until February 25, 2023, and set a hearing date for the accommodations issue several weeks later." (Id.) Rootvik has appended the underlying Superior Court Order, which set a hearing on the continuance request for March 9, 2023. (Dkt. No. 3 at 7.) Rootvik asserts that he is entitled to know what the Superior Court's accommodations will be before the hearing and that learning of it at the hearing "is a de facto denial of [his] federal rights under the ADA and due process." (Id.)

## ANALYSIS

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Removal is appropriate only if the federal court has original jurisdiction over the state court action. 28 U.S.C. § 1441(a). As appears relevant here, the Court has original jurisdiction over claims arising under federal law, such as the ADA. See 28 U.S.C. § 1331. "The removal statute is strictly construed against removal jurisdiction, and the burden of

establishing federal jurisdiction falls to the party invoking the statute." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1061 (9th Cir. 2021). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). And the court "must look to the [underlying state court] complaint as of the time the removal petition was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

Rootvik has failed to demonstrate how the Court has jurisdiction over the underlying state court matter he seeks to remove. The Notice of Removal does not identify a basis for the Court's jurisdiction over the state court action filed against Rootvik. And Rootvik failed to provide the state court complaint that could have shed some light on this issue. Rootvik appears to seek the assistance of this Court to ensure the Superior Court complies with the ADA. But this does not appear to be a claim asserted by the parties in the underlying litigation. This is fatal to the proposed removal because the Court only has removal jurisdiction if it has original jurisdiction over the underlying state court complaint. See 28 U.S.C. § 1441(a); Libhart, 592 F.2d at 1065. As such, Rootvik has failed to meet his burden to show that the Court has jurisdiction over the underlying state court action he seeks to remove. Strictly construing the removal statute as it must, the Court ORDERS this matter REMANDED to King County Superior Court because Rootvik's removal was improper. See Acad. of Country Music, 991 F.3d at 1061. And because the Court has no jurisdiction over this matter, it DENIES the Motion to Stay.

The Court acknowledges Rootvik's concern that the Superior Court may not accommodate his alleged disability consistent with the ADA. But as Rootvik's filings show, the

1  Superior Court has set a hearing to discuss this matter with Rootvik and no final determinations
2  appear to have been made about any accommodation of his alleged disability. Rootvik may and
3  should air all of his concerns with the Superior Court.
4      The clerk is ordered to provide copies of this order to Plaintiff, Defendant, and all
5  counsel.
6      Dated February 24, 2023.

                                          Marsha J. Pechman
                                          United States Senior District Judge